UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re: MALIK & TOMIKA LEWIS,

     Debtors,

                                 /

                                 Civil Action No. 04-60230
                                 Bankruptcy Case No. 03-41536

                                 HON. MARIANNE O. BATTANI

ALLAN SQ. WHITE,

     Plaintiff/Appellant,

v.

MALIK & TOMIKA LEWIS,

     Defendants/Appellees.

                                 /

In Re: MALIK & TOMIKA LEWIS,

     Debtors,

                                 /

                                 Civil Action No. 04-60231
                                 Bankruptcy Case No. 03-41536

                                 HON. MARIANNE O. BATTANI

ALLAN SQ. WHITE,

     Plaintiff/Appellant,

v.

MALIK & TOMIKA LEWIS,

     Defendants/Appellees.

                                 /

## ORDER DENYING APPELLANT'S MOTION AND INCORPORATED BRIEF
## FOR AN ENLARGEMENT OF TIME TO FILE BRIEF ON APPEAL

Before the Court is Appellant's Motion and Incorporated Brief for an Enlargement of Time to File Brief on Appeal.[1]  The Court's Scheduling Order, dated June 24, 2005, required Appellant to file his brief within twenty days.  Accordingly, his brief was due July 14, 2005.  Appellant did not comply with the deadline established in the Scheduling Order. On September 16, 2005, Appellant requested additional time to file his brief.  He asks for twenty days from the time the Court ruled on his motion for reconsideration and the jurisdictional question raised therein.

Bankruptcy Rule 8009 governs the timely filing of briefs.  It requires the appellant to serve and file a brief within 15 days after the appeal is docketed, unless a local rule or order excuses the filing of briefs *or specifies different time limits.*  Fed.R.Bankr.P. 8009(a)(1). (Emphasis added).  Rule 8001(a) grants the district court authority to dismiss appeals for non-prosecution.  Fed.R.Bankr.P. 8001(a).

The Sixth Circuit has held that a late filing does not justify dismissal of the appeal absent a showing of bad faith, negligence, or indifference.  Third Nat'l Bank v. The Winner Corp. (In re Winner Corp.), 632 F.2d 658, 660-61 (6th Cir. 1980) (late filing of designation of record); Drybrough v. Ware (In re Bavarian Brewing Co.), 111 F.2d 548 (6th Cir. 1940) (appellant's indifference to rules requiring transmittal of record to court of appeals justified dismissal of suit).  The Court is satisfied that Appellant's failure to file his brief was not the

---

[1]The motion has been filed in both cases identified in the caption, and this Order likewise is applicable to both cases.

result of bad faith, negligence or indifference.  The record shows that he attempted to request an extension of time prior to the deadline passing, but filed his request in the wrong court.  Nevertheless, the Court finds an extension of time would serve no purpose inasmuch as this matter must be dismissed for another reason.

Specifically, in weighing the merits of Appellant's request, the Court reviewed the records in Case Nos. 04-60230 and 04-60231.  According to the record in Case No. 04-60230, "on or about October 9, 2002, debtors voluntarily dismissed their Chapter 13 Bankruptcy proceeding without completion, nor satisfying the $6,307.75 obligation imposed upon them through a state court judgment to my parents Moses & Mattie White."  See Feb. 12, 2003 Motion to Dismiss Debtors' Chapter 7 Petition.  In his Motion for Leave to Appeal, Appellant states that he "filed on behalf of his parents a Summary Judgment Motion against Debtors for the Violation of Contractual Agreement and for the Malicious Destruction of their Property."  See Doc. # 7, Motion at 1.  Similar representations are made in the Statement of Facts in Case No. 04-60231.

Although Appellant assisted his parents with filing a claim in the bankruptcy court, he is not free to advance their claims on appeal.  Appearances in federal court are governed by 28 U.S.C. § 1654.  It allows a non-attorney to represent him or herself in a lawsuit, however, no provision is made for a non-attorney to appear as on behalf of others. See e.g. Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir.1997) (holding that "a parent or guardian may not bring an action on behalf of a minor child without retaining a lawyer"); C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th cir.1987) (dismissing complaint signed only by nonlawyer trustee).  Therefore, the action filed in this Court is not proper insofar as Appellant, a non-lawyer, appears in to bring the action on

behalf of his parents.    The statute does not permit *pro se* litigants to represent other parties.

Accordingly, the appeals in Case No. 04-60230 and Case No.04-60231 are DISMISSED.

IT IS SO ORDERED.


s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE



Dated: September 22, 2005



## CERTIFICATE OF SERVICE


Copies of this Order were mailed to Allan Sq. White, and the United States Bankruptcy Court on this date by ordinary mail and electronic filing.


s/Bernadette M. Thebolt
Deputy Clerk