UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re: MALIK & TOMIKA LEWIS,

    Debtors,

_____/

    Civil Action No. 04-60230
    Bankruptcy Case No. 03-41536

    HON. MARIANNE O. BATTANI

ALLAN SQ. WHITE,

    Plaintiff/Appellant,

v.

MALIK & TOMIKA LEWIS,

    Defendants/Appellees.

_____/

In Re: MALIK & TOMIKA LEWIS,

    Debtors,

_____/

    Civil Action No. 04-60231
    Bankruptcy Case No. 03-41536

    HON. MARIANNE O. BATTANI

ALLAN SQ. WHITE,

    Plaintiff/Appellant,

v.

MALIK & TOMIKA LEWIS,

    Defendants/Appellees.

_____/

**ORDER AFFIRMING BANKRUPTCY COURT DECISION**

This matter is before the Court on Allan Sq. White's appeal of the Bankruptcy Court's Order Denying "Movants F.R. Bankr. P 4004(b) Motion and Incorporated Brief for an Extension of Time to File Adversary Proceedings Objecting to Debtors Request for Discharge of Debts." The Court has reviewed the pleadings submitted herein and finds that oral argument is not necessary to resolve this appeal. See E.D. MICH. L.R. 7.1(g)(2). For the reasons that follow, the Bankruptcy Court's September 2, 2004, Order shall be, and hereby is, **AFFIRMED**.

**I. BACKGROUND**

The relevant facts are undisputed, but somewhat convoluted given the number of cases involving these parties and the procedural history. On February 7, 2000, Malik and Tomika Lewis filed a Chapter 13 bankruptcy petition. See Case No. 00-BR-41627. On April 20, 2000, an Order Confirming Chapter 13 Plan was entered. Id., Doc. No. 18. On October 2, 2002, the Debtors moved to dismiss the Chapter 13 bankruptcy, id., Doc. No. 76, and the following day, an order granting the motion to dismiss was entered. See Appellant's Ex. E. On February 6, 2003, the Chapter 13 Trustee issued the Final Report and Account. The case was dismissed after confirmation. A Final Decree was entered March 27, 2003, and the case was closed.

On January 15, 2003, Malik and Tomika Lewis filed a Chapter 7 Bankruptcy Petition. See Case No. 03-BR-41536, Ex. D. On the cover sheet, Debtors advised the bankruptcy court that the new case was a companion to Case No. 00-BR-41627, and in the Status/Disposition portion of the form, they noted "pending conversion to Chapter 7." On

January 17, 2003, Debtors moved to convert the chapter 13 proceeding to chapter 7. The chapter 7 case was reassigned to Hon. Thomas J. Tucker, who had presided over the chapter 13 proceeding.

On March 21, 2003, White filed a "Complaint NOS Injunctive Relief", and the adversary proceeding was initiated. See Case No. 03-BR-04217. He subsequently sought leave for a 60-day extension of time to file a § 727 Complaint. Id., Doc. No. 5. On April 30, 2003, an Order Discharging the Debtors was entered in the chapter 7 proceeding, without ruling on White's request for an extension.

After almost a year had passed, the bankruptcy court scheduled a status conference regarding the Complaint NOS Injunctive Relief. Thereafter, the Court ordered White to show cause in writing why the case should not be dismissed. See Doc. No. 17. The bankruptcy court also ordered Debtors to file a response to White's 4004(b) Motion and set it for hearing. In its order, the bankruptcy court noted that White filed his 4004(b) motion on April 16, 2003, and that the deadline to file a complaint objecting to Debtors' discharge or to determine the dischargeablility of certain types of debts was April 21, 2003. "On April 30, 2003, without having taken any action on the motion, which had erroneously been filed in the adversary proceeding rather than the main bankruptcy case, the Court entered an order discharging Debtors." Id.

After a hearing held September 2, 2004, the bankruptcy court denied White's 4004(b) motion for an extension of time to file adversary proceedings. It also dismissed his Complaint NOS Injunctive relief. On September 14, 2004, it closed the case. White moved to alter or amend the judgment. The bankruptcy court denied the motion and

3

closed the adversary case on September 14, 2004. See Case No. 03-BR-41627, Doc. No. 33. A final decree was entered in Case. No. 03-BR-41536 on September 18, 2004.

Appellant filed a Notice of Appeal of the September 2, 2004, order dismissing the adversary proceedings. He filed a second Notice of Appeal of the Order as well as an order dated September 29, 2004, which denied his motion for rehearing or to alter or amend the judgment. The Court consolidated the two appeals on June 24, 2005. According to White, Debtors voluntarily dismissed the Chapter 13 proceedings without completion and did not satisfy their $6,307.75 obligation to his parents, owed for breach of contractual agreement and malicious destruction of property. This Court subsequently dismissed his appeals, finding that Appellant, who is not a lawyer, could not represent his parents. White appealed the dismissal and the matter was remanded for further proceedings after the appellate court found that the claim had been effectively transferred to White.

The Court entered a scheduling order requesting briefs from the parties. White timely filed his brief; however, Malik Lewis notified the Court that he was in the process of hiring an attorney to assist him with the appeal and sought additional time. No appearance has been entered, and Lewis has had no further contact with the Court. White subsequently filed several motions asking that this Court reinstate garnishment proceedings against Malik Lewis. Given the Court's decision on the merits of White's appeal, those motions are moot.

## II. STANDARD OF REVIEW

District courts have jurisdiction to hear appeals from final judgments, orders and decrees of bankruptcy judges. See 28 U.S.C. § 158(a)(1). This Court reviews a

bankruptcy court's conclusions of law *de novo* and its findings of fact for clear error. See In re Holland, 151 F.3d 547, 548 (6th Cir. 1998); Bankruptcy Rule 8013 ("[the bankruptcy court's] [f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous"). The burden of proof is on the party that seeks to reverse the bankruptcy court's holding.

## III. ANALYSIS

White designates five issues to be presented on appeal. The issues are as follows:

> I. Whether the Bankruptcy Court's Failure to Sua Sponte Dismiss the Instant Chapter 7 Petition When the Documentation Clearly Demonstrated that Only Three Months had Actually Elapsed Requiring it to Invoke Subsection (g) of § 109 Prohibition that No Individual May be a Debtor Under this Title who has been a Debtor in a Case Pending Under the Title at any Time in the Proceeding 180 Days if the Case Was Dismissed for Failure fo the Debtors to Prosecute the Case, or the Case was Dismissed at the Debtor's Request.
>
> II. Whether the Bankruptcy Court Abused its Discretion When it Denied the Pro Se Creditors's Timely Filed Motion for An Extension of Time by Ruling That the Creditor Failed to Show Cause for Granting of Extension to File Complaint Objecting to Discharge or Dischargeability of Debts or Alternatively to Amend Grounds in Initial Injunction Protection Objections.
>
> III. Did the Bankruptcy Court Pursuant to the Statutory Conditional Requirement of 11 U.S.C. § 727(a)(9) Acquire Proper Subject Matter Jurisdiction Over the Chapter 7 Petition Where the Filing Occurred Within Six Years of Prior Chapter 13 Dismissal Precluded the Instant Discharge and Now Should be Dismissed by Vacating Ab Initio All Proceedings Instituted Therein.
>
> IV. Whether the Bankruptcy Court Abused Its Discretion When It Failed to Allow Creditor's Substantive Objections for Full Adjudication as to Whether Debtors Knowingly Made Numerous False Statements, and Misrepresentations When

> Filing Chapter Petition Itself and Requires Revoking of Discharge.
>
> V. Whether the Court Abused its Discretion by Dismissing the Adversary Proceeding When It Was Presented With Competent, Material Evidence on the Record as a Whole That Debtors Made a Transfer of Funds Within One Year of Filing the Chapter 7 Bankruptcy With the Intent to Hinder, Delay, or Defraud their Creditors Within the Meaning of § 727(a)(2)(A).

Doc. No. 17, Table of Contents.

Before consideration of the merits, the Court directs its attention to a preliminary matter--the designation of the record for appeal. Although Appellant designates transcripts of testimony and findings by the bankruptcy court related to the September 2, 2004, phone conference as included in the record on appeal, he failed to attach the entire transcript of the hearing which resulted in the Order from which he has appealed. Bankruptcy Rule 8006 provides in pertinent part:

> If the record designated by any party includes a transcript of any proceeding or a part thereof, the party shall, immediately after filing the designation, deliver to the reporter and file with the clerk a written request for the transcript and make satisfactory arrangements for payment of its cost.

FED.R.BKR.P. 8006. Instead, White selectively quotes bits and pieces of the hearing that favor his position. Without a transcript of the proceeding, this Court lacks a complete record to review the bankruptcy court's factual findings and legal conclusions. Although it appears that Appellant failed to comply with Rule 8006, it also is apparent from White's brief that he had access to a copy of the transcript. Even though Debtors failed to respond and White's appeal is unopposed, it is incumbent upon the Court to ascertain whether Appellant's position on appeal is supported by the facts and governing law. Consequently, the Court sought and received a copy from the bankruptcy court.

The Court addresses Issue No. II first because if Appellant is not successful in showing the bankruptcy court abused its discretion in denying his motion for an extension of time, he cannot proceed with his arguments on the merits of his adversary claim.

**A. Did the bankruptcy court abuse its discretion when it denied Appellant an extension of time to file an objection?**

White moved for an extension of time for filing an objection to Debtors' discharge, and the bankruptcy court denied the motion as untimely. Consideration of White's request for an extension of time was delayed for over a year because it was filed in the adversary proceeding he filed requesting injunctive relief, rather than the main bankruptcy case.

For cases filed under chapter seven, the deadline to file a complaint objecting to discharge is sixty days after the first date set for the first creditors meeting. See FED. R. BANKR. P. 4004(a). Under FED. R. BANK. P. 4004(b), "On motion of any party in interest, after hearing on notice, the court may for cause extend the time to file a complaint objecting to discharge. The motion shall be filed before the time has expired."

Here, the bankruptcy court acknowledged that White timely filed the motion and addressed only whether he had established cause for an extension. According to White, several reasons supported his request. He needed discovery to substantiate his objection, he needed additional time because he was not represented by counsel, and he needed additional time because he was incarcerated and lacked access to an adequate law library. See Tr. at 6-11.

At the hearing, the Court ruled that White failed to show cause for an extension, noting that White was bound by the same "rules, dates -- or deadlines that everyone else is bound by." Id. at 11. Judge Tucker determined that White failed to present adequate

7

reasons substantiating an inability "to file an adversary proceeding objection to the Debtors' discharge before the original deadline for doing so." Id. The judge noted that White had managed to file another adversary proceeding (the injunctive relief complaint) in a timely manner, and that White could have sought discovery before the original deadline passed through a Rule 2004 exam, either in the main case or through discovery in the other adversary proceeding, which was pending before the deadline passed. Id. at 12. Consequently, he concluded that the time for objecting to the discharge passed, and the discharge, which the court had granted previously would not be disturbed. Judge Tucker also denied White's request to amend his pending adversary complaint to allege such a claim because a §727 objection was time-barred.

The bankruptcy court then addressed the adversary proceeding which White did file--the injunctive relief complaint--and considered whether it should be dismissed because no live case or controversy was pending. Tr. at 13. White argued that Debtors were ineligible for Chapter 7 discharge. In addition, White argued that the bankruptcy court must accord full faith and credit to his state court judgment against Debtors.

The bankruptcy judge dismissed the pending adversary proceeding, finding that White raised matters which were beyond the scope of his complaint in the pending adversary proceeding, which was limited to injunctive relief relating to garnishment. Judge Tucker also noted that White never filed a motion to dismiss the Chapter 7 bankruptcy on the grounds he now sought to raise or to object to discharge or dischargeabilty on that ground. Tr. at 15. He observed that the discharge in the main bankruptcy case was granted a long time before the hearing. He rejected the full faith and credit argument noting that "it misses the point of the bankruptcy case and the bankruptcy code, one of the

purposes . . of which in fact it that a pre-petition debt is discharged by bankruptcy even when formalized in a judgment." Id. Finally, the bankruptcy court noted that unless White's debt fell into one of the exceptions to discharge enumerated in 11 U.S.C. § 523, that does not require an adversary complaint within 60 days of the first meeting of creditors, the debt is discharged. Consequently, the adversary proceedings was dismissed.

After reading the transcript in its entirety, this Court finds that the bankruptcy court did not abuse its discretion in denying White's request for an extension of time. He failed to establish cause for the additional time. White's reliance on the bankruptcy court's observation that it is difficult for a layperson to know his rights in such a "technical and complex area" as a basis for finding an abuse of discretion is misplaced. The bankruptcy court's comment in no way exonerates White's pleading failures because he proceeded *pro se*. The comment was offered as advice to White in that to the extent that White may have had a viable claim under § 523,[1] a claim not alleged in the proceedings before Judge Tucker, his interest would be better served after consultation with an attorney. Accordingly, Appellant's argument fails on the merits.

The other matters raised on appeal were not decided on the merits because there were not properly before the bankruptcy court. The transcript of the September 2, 2004, hearing on 4004(b) motion demonstrates that Appellant did not raise, assert, or argue that Debtors made false statements and misrepresentations (Issue IV) or that Debtors intended

---

[1] A debtor in a Chapter 7 liquidation case qualifies for an order discharging his debts if he satisfies the conditions stated in § 727(a) of the Bankruptcy Code. 11 U.S.C. § 727(a). A discharge granted under § 727(a) frees the debtor from all debts existing at the commencement of the bankruptcy proceeding other than obligations § 523 of the Code excepts from discharge. 11 U.S. C. § 727(b).

to defraud creditors and concealed property within one year of the date of the filing chapter 7 (Issue V).  Nor did Appellant raise the issue of whether Debtors made false statements and misrepresentation when filing the chapter 7 petition to support his contention that the discharge should be revoked.

As a general rule, an appellate court will not consider arguments that are raised for the first time on appeal.  See Self-Directed Placement Corp. v. Control Data Corp., 908 F.2d 462, 466 (9th Cir. 1990).  "A court may review an issue raised for the first time on appeal only to prevent a miscarriage of justice or when a change in the law raises a new issue while an appeal is pending, or when the issue is purely one of law."  Kimes v. Stone, 84 F.3d 1121, 1126 (9th Cir. 1996). The reviewing court has decision to consider an issue not raised below but that discretion is exercised only when doing so would not prejudice the other party.  Id.  Accord PACCAR Inc. v. TeleScan Technologies, L.L.C., 319 F.3d 243 (6th Cir. 2003), ("[a]rguments that were not raised below may not be asserted on appeal").

Here, the Court finds no basis for considering the arguments raised by White.  The bankruptcy court cannot have abused its discretion in failing to apply legal and equitable arguments and doctrines not presented by the moving party.  There has been no miscarriage of justice or change in the law prompting the arguments raised for the first time on appeal.  The issues raised involve factual determinations.  Accordingly, the Court declines to address the merits.

**B. Serial Filings**

The Court does find it necessary to address the issue of serial filings as presented in Issue I and Issue III.   White maintains that the bankruptcy court failed to dismiss the chapter 7 petition in violation of §§109(g) and 727(a)(9).  He contends that the bankruptcy

court lacked subject matter jurisdiction over the chapter 7 petition. The Court is under a continuing obligation to verify its jurisdiction over a particular case, see In re Troutman Enterprises, Inc., 286 F.3d 359, 364 (6th Cir. 2002), accordingly, the Court addresses the arguments below.

In the bankruptcy code, Congress has prohibited various forms of serial filings, including the two provisions upon which White relies. See, 11 U.S.C. § 109(g) (no filings within 180 days of dismissal); § 727(a)(9) (limitation on Chapter 7 filing within six years of Chapter 12 or Chapter 13 filing). The issue is whether the prohibition divests the bankruptcy court of subject matter jurisdiction. For the reasons that follow, this Court concludes that they do not.

Section 109 of the Bankruptcy Code defines who may be a debtor. It establishes limitations on individuals who have been debtors in a case "pending under this title at any time in the preceding 180 days if--

> (1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case; or
>
> (2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

11 U.S.C. § 109(g).

At the outset, the Court observes that Appellant has failed to show any condition other than the 180 day time limit is met. Moreover, he failed to raise this argument in the bankruptcy court proceedings. Because this provision governs eligibility of the debtor and is not jurisdictional, White has failed to meet his burden to show he is entitled to the relief requested in his appeal.

In the alternative, Appellant claims that the bankruptcy court erred when it did not review filing documentation because a review would have shown that it lacked subject matter jurisdiction over Debtors' chapter 7 petition. In support of his claim, he relies on 11 U.S.C. § 729(a)(9)[2]. White contests Debtors' chapter 7 bankruptcy petition because according to the docket report, Debtors' chapter 13 proceedings were dismissed prior to Debtors filing a motion to convert.

Section 727(a)(9), sets forth the six-year bar rule for a Chapter 7 discharge. The rule precludes the discharge of a debtor if he obtained a Chapter 13 discharge within the preceding six years, unless the latter involved payment of 100% of the allowed unsecured claims or both payment of 70% of those claims and a finding that the plan "was proposed by the debtor in good faith, and was the debtor's best effort." 11 U.S.C. § 727(a)(9).

According to White, the bankruptcy court did not review the filing documentation. The prior chapter 13 proceedings had been dismissed three months before the Chapter 7 bankruptcy was filed. There are several shortcomings in White's arguments. First, he has presented no authority that § 727(a)(9) governs jurisdiction rather than eligibility. Second, it requires the Court to equate a dismissal with a discharge. Third, even if § 727(a)(9) pertained to dismissed cases, White offers only speculation that the exceptions do not

---

[2] The provision reads: (a) The court shall grant the debtor a discharge, unless--
(9) the debtor has been granted a discharge under section 1228 or 1328 of this title, or under section 660 or 661 of the Bankruptcy Act, in a case commenced within six years before the date of the filing of the petition, unless payments under the plan in such case totaled at least--
    (A) 100 percent of the allowed unsecured claims in such case; or
    (B)(I) 70 percent of such claims; and
        (ii) the plan was proposed by the debtor in good faith, and was the debtor's best effort.

apply, and instead argues that Debtors have failed to show that the discharge was appropriate. On appeal, it is Appellant's burden to show error. He has failed to do so here. There is no evidence before this Court to demonstrate that the bar was violated.

Accordingly, the Court finds no merit to the appeal and the September 2, 2004, bankruptcy order and the September 29, 2004, bankruptcy orders are **AFFIRMED**.

**IT IS SO ORDERED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

Dated: August 8, 2008

### CERTIFICATE OF SERVICE

Copies of this Order were mailed to Allan Sq. White, #127009, 777 W. Riverdale Dr. Ionia, Mi., 48846 and the United States Bankruptcy Court on this date by ordinary mail and/or electronic filing.

s/Bernadette M. Thebolt
Deputy Clerk